UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAURICIO JIMENEZ-OLAN,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 2:26-cv-02727-TMC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**I. ORDER**

The petition for writ of habeas corpus is GRANTED. Respondents concede that Petitioner is a Bond Denial Class member in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025). Dkt. 6 at 2. Although Petitioner does not expressly rely on *Rodriguez Vazquez*, he states facts that fit the criteria for class membership. Dkt. 1 ¶ 39. Noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Petitioner has shown that his mandatory detention under § 1225(b) violates the Immigration and Nationality Act ("INA"), entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

Accordingly, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within seven days of receiving Petitioner Mauricio Jimenez-Olan's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a). Petitioner must request a bond hearing to receive this relief.

3. If Petitioner is released, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4. Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to confer before filing a petition.

Dated this 17th day of August, 2026.

Tiffany M. Cartwright
United States District Judge